UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE CAL, III,

           Petitioner,

v.                                                                                      CASE NO. 07-11389
                                                                  HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

           Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY**
**AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I. Introduction**

On March 30, 2007, Petitioner Arthur Lee Cal, III, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to stay the case. He was previously convicted of armed robbery and felony firearm and is serving a sentence of fifteen to twenty-seven years.

Petitioner raised several claims in an appeal of right, but the Michigan Court of Appeals affirmed his convictions, and the Michigan Supreme Court denied leave to appeal on November 22, 2004. Petitioner raised a few new claims in a subsequent motion for relief from judgment filed almost fifteen months later. The trial court denied the motion, and the Michigan Court of Appeals denied leave to appeal. Petitioner's application for leave to appeal in the Michigan Supreme Court remains pending. In his March 30, 2007 motion to stay his § 2254 petition, Petitioner alleges that the statute of limitations is almost certain to expire unless the Court stays his habeas petition because, at the time he filed his motion to stay, only two days remained on the one-year limitation period.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp.2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29. Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing claims that have not been fairly presented to the state court. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

A dismissal of this action for failure to exhaust state remedies for all Petitioner's claims could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). In light of this dilemma, courts are not precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (Stevens, J., concurring). District courts have authority

to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

It would not be an abuse of discretion to stay this case, given the strong possibility that the statute of limitations will expire absent a stay.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to stay and abey [docket entry #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the stay is conditioned on Petitioner moving to reinstate this case within sixty (60) days of the Michigan Supreme Court's order or within sixty (60) days of the denial of a petition for certiorari in the United States Supreme Court. Failure to comply with this order may result in the dismissal of the habeas petition with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** this case for administrative purposes. Nothing in this order or in the related docket entry is meant to be an adjudication on the merits of Petitioner's claims.

**SO ORDERED.**

Dated:   April 17, 2007                   s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 17, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:               Arthur Lee Cal, III                          .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845